From S. D. Gettig, Bellefonte, Pa.

---

## Paul v. Hargey.

*Practice, C. P.—Striking off statement of claim—Improper affidavit—Act of May 23, 1923.*

1. Under the Act of May 23, 1923, P. L. 325, a motion to strike off a statement of claim stops the running of the fifteen-day period during which a defendant is required to file an affidavit of defence under penalty of judgment by default.

2. Where the facts set forth in the plaintiff's statement of claim are affirmatively stated and purport to be founded on the plaintiff's own knowledge, the affidavit in verification of the statement must be absolute in form, and not merely to the best of plaintiff's knowledge and belief.

Appeal from judgment entered by an alderman. Motion to strike off statement of claim. C. P. Schuylkill Co., May T., 1924, No. 688.

J. W. Moyer, for plaintiff; M. H. Spicker and Roger Prosser, for defendant.

BERGER, J.—In this case, the defendant regularly moved to strike off the plaintiff's statement of claim, and has filed no affidavit of defence. On Sept. 13, 1926, the plaintiff moved for judgment for want of an affidavit of defence. The latter motion is premature and of no effect, because an attack upon a statement of claim, under section 21 of the Practice Act, 1915, as amended by the Act of May 23, 1923, P. L. 325, is strictly a preliminary proceeding and it operates as a quasi-stay of proceedings in respect of pleading to the merits of the claim. In other words, a motion to strike off a plaintiff's statement stops the running of the fifteen-day period during which a defendant is required to file an affidavit of defence under penalty of judgment by default. See Sulzer v. Gross, 1 D. & C. 719; Lowenstein v. McGowan, 5 D. & C. 5.

The motion to strike off the plaintiff's statement of claim, which is signed by her attorney, is founded on the fact that the plaintiff, in her affidavit to the statement of claim, merely states that the facts set forth therein "are just, true and correct to the best of my (her) knowledge and belief." The facts set forth in the plaintiff's statement of claim are affirmatively stated and purport to be founded upon her own knowledge; consequently, the affidavit of the plaintiff for the verification of the statement of claim was required to be in the form of an affirmative declaration, absolute in form, and not qualified, as is the case here: Dayhoff v. Masland, 29 Dist. R. 393; Cohen v. Snyder, 30 Dist. R. 1008.

For the reasons stated, the motion to strike off plaintiff's statement must be sustained, and the rule for judgment for want of an affidavit of defence is dismissed.

And now, Feb. 21, 1927, the plaintiff's statement of claim is directed to be stricken from the record, and the rule for judgment for want of an affidavit of defence is discharged.

From M. M. Burke, Shenandoah, Pa.